MEMORANDUM OF DECISION
This is a petition for the termination of parental rights of Marisol G., biological mother, and Tyrone J., putative father of Tyrone J. The parental rights of the biological father of Sasha K.-G. And Octavia G. were previously terminated.
Service was confirmed on the mother on the plea date of October 24, 2000, in which she did not appear. Service was confirmed on the putative father of Tryone J. on the plea date of October 24, 2000, and he did not appear. CT Page 977
1. Notice of this proceeding has been provided in accordance with the Practice Book and this court has jurisdiction.
2. No action is pending in any other court affecting custody of the child.
3. Reasonable efforts have been made to locate the parents.
4. The court made findings that further efforts toward reunification were no longer appropriate as to the mother and the putative father on April 13, 2000.
The court, having read the verified petition and the social study marked as Exhibit A makes the following findings.
Since 1997, the mother has visited her son Tyrone on eight occasions, despite the fact that she could have visited him weekly. Since 1999, when Sasha and Octavia were placed in the care of DCF, the mother visited her children on thirteen occasions.
The mother has not contacted DCF or the foster parents to inquire of her children's well being. She has not sent cards, gifts of any other communications. She has not recognized her children on special occasions through sending cards of gifts or making phone calls to them.
The father also has not recognized the child on special occasions through the sending of any cards or gifts of making phone calls to the child. He has not maintained contact with DCF to find out how the child is doing or how he could contact the child.
The court issued specific steps to the mother on October 23, 1996, to facilitate the reunification with their child. Specifically, the mother has been told on numerous occasions that she needed to address her mental health problems. She has not addressed them. She has had minimal compliance with the court ordered expectations.
During the few visits between the mother and the children, the mother shows little interest in the children, shows no warmth or affection for the children, and no capacity to develop a relationship with them. Also, the children appear to have minimal connection or bond with their mother. The children also exhibit behavioral problems and depression after visits with their mother.
With respect to the statutory grounds for termination of parental rights, the court finds by clear and convincing evidence: CT Page 978
 1. The court found that reunification efforts with both mother and father were no longer appropriate on April 13, 2000.
2. Grounds for termination:
 a. The child has been abandoned by the parents in the sense that the parents failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child. (General Statutes § 17a-112(c)(3)(A).
 b. The child has been found in a prior proceeding to have been neglected or uncared for. The mother and the father have failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, they could assume a responsible position in the life of the child. General Statutes § 17a-112(c)(3)(B)
 c. There is no ongoing parent-child relationship with respect to the mother as defined by law. General Statutes § 17a-112(c)(3)(D).
THE COURT MAKES THE FOLLOWING FACTUAL FINDINGS REQUIRED BY GENERALSTATUTES § 17A-112(e) which findings are made upon clear andconvincing evidence:
1. (Finding regarding the timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent.)
Appropriate and timely services were provided by the Department of Children and Families including counseling, case management, transportation assistance, and visitation coordination. The services provided are more fully set forth in the Social Study which has been placed into evidence. The services as described in the Social Study were appropriate and offered on a timely basis.
2. (Finding regarding whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended.) DCF has made reasonable efforts given the situation and circumstances to reunite the family in accordance CT Page 979 with state and federal law.
3. (Finding regarding the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order.)
Regarding court orders, fulfillment of obligations, expectation and services agreements: The Department, with the approval of the Court, set reasonable and realistic expectations to reunify the family. There was only minimal compliance, if any by the mother and the father.
4. (Finding regarding the feelings and emotional ties of the child with respect to his/her parents, any guardian of his/her person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties.)
The children have little if any positive feelings toward their mother and the putative father, but appear bonded with and have significant emotional ties with their current foster parent, with whom they have lived since April 20, 1999.
5. (Finding regarding the age of the child.)
Tyrone is nine years old. Sasha is five years old. Octavia is four years old.
6. (Finding regarding the efforts the parent has made to adjust his/her circumstances, conduct, or conditions to make it in the best interest of the child to return him/her to his/her home in the foreseeable future, including, but not limited to:(A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child.)
These parents have made little effort to adjust their circumstances to permit their children to safely return to their care; they have failed to maintain contact with their children or with DCF.
7. (Finding regarding the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of CT Page 980 the parent.
There is no evidence that the unreasonable act or conduct of DCF personnel or any other person prevented the respondent the father and the mother from maintaining a meaningful relationship with their children. There is no evidence that the parents' economic circumstances prevented a meaningful relationship from being maintained.
 DISPOSITION
The court having considered all statutory considerations and having found by clear and convincing evidence that grounds exist for termination of parental rights, further finds upon all of the facts and circumstances presented, that it is in the child's best interest to terminate the parental rights of Marisol F. and Tyrone J. Accordingly, it is ordered that their parental rights to the children are hereby terminated.
It is further ordered that the Commissioner of Department of Children and Families is hereby appointed the statutory parent for the purpose of securing an adoptive family or other permanent placement for said child and that the Commissioner shall file with the court, no later than thirty (30) days following the date of judgement, a written report toward such permanent placement and file such further reports as are required by state and federal law.
SWIENTON, J.